[947 NE2d 647, 922 NYS2d 873]

In the Matter of ROBERT THOMAS WOODS, Appellant, v NEW YORK CITY DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES, Respondent.

Argued February 16, 2011; decided April 5, 2011

506

*Brown & Gropper, LLP,* New York City (*James A. Brown* of counsel), for appellant. I. The plain language of the Military Law confers upon appellant the right to be placed on a special eligible list. II. The appellate court below erred when it determined that appellant was required to satisfy the two-year military service requirement by the time his name was reached for certification in January 2008. (*Matter of Scanlan v Buffalo Pub. School Sys.,* 90 NY2d 662.) III. The Military Law was intended to be liberally construed. (*Jensen v General Elec. Co.,* 82 NY2d 77; *Warren v International Bus. Machs. Corp.,* 358 F Supp 2d 301; *21948, LLC v Riaz,* 191 Misc 2d 730.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Fay Ng, Pamela Seider Dolgow* and *Maxwell D. Leighton* of counsel), for respondent. Since petitioner did not meet the minimum qualifications for appointment at the time his name was reached on the eligible list and at the time the last appointments were made off the list, the Department of Citywide Administrative Services properly denied petitioner's request to be placed on a special eligible list pursuant to Military Law § 243 (7) and (7-b). (*Matter of DeFrancis v D'Ambrose,* 57 AD2d 804; *Matter of Cotter v Watson,* 282 App Div 292, 306 NY 681; *Matter of Lombardi v City of Schenectady,* 1 AD2d 24; *Matter of City of New York v City Civ. Serv. Commn.,* 60 NY2d 436; *Matter of Sherman v Leonard,* 40 NY2d 1038; *Matter of Bell v Nassau County Civ. Serv. Commn.,* 203 AD2d 285.)

## OPINION OF THE COURT

PIGOTT, J.

After petitioner passed a civil service examination, his name was placed on a list maintained by the respondent New York

City Department of Citywide Administrative Services (DCAS) of those eligible to be appointed as a New York City firefighter. He was on military duty when his name was reached on the list. We hold that Military Law § 243 (7) required DCAS to place petitioner on a "special eligible list," from which he could be certified for appointment after his military duty ended. It is irrelevant, under the governing statutes, whether he met the qualifications for appointment when his name was first reached, so long as he met them when the time to certify him for appointment arrived.

## I.

On December 14, 2002, petitioner took an open competitive civil service examination to become a firefighter with the New York City Fire Department. One of the qualifications to be a firefighter is that a candidate, by the date of appointment, must have successfully completed 30 semester credits from an accredited college or university or obtained a four-year high school diploma and completed two years of honorable full-time U.S. military service. At the time petitioner took the examination, he had fulfilled neither of these requirements.

Petitioner passed the examination and was placed on the eligible list. The list was set to expire on May 5, 2008.

Petitioner enlisted in the U.S. Army in April 2006. In April 2007, while he was serving in the Army, the Fire Department notified petitioner by letter of its intent to appoint him from the eligible list. To be appointed, petitioner needed to complete certain medical and psychological testing. Petitioner's mother responded to the letter and advised the Fire Department that her son was scheduled to be discharged from the Army in September 2008. She was told that upon his discharge, he should contact the Fire Department to complete the remaining parts of the examination.

On January 18, 2008, while he was still on active military duty, petitioner's list number was reached for possible certification and appointment. All names certified on January 18, 2008 were later appointed to the Fire Department on January 21, 2008.

Petitioner was released from the Army in July 2008. Upon his release, petitioner contacted the Fire Department to take the medical and psychological parts of the examination and submit to a background investigation. In August 2008, petitioner filed an "Application Under State Military Law for Determination of

Rights on Eligible List" with the DCAS, seeking a determination of his rights under Military Law § 243. That section provides that any person whose name is on an eligible list and comes up for certification while on duty shall be placed on a special eligible list provided he makes a request following termination of his military duty and during the period of his eligibility. DCAS denied petitioner's request to be placed on a special eligible list on the ground that when his name had been reached on January 18, 2008, he had not completed two years of military service.

## II.

Petitioner commenced this CPLR article 78 proceeding, challenging the determination of DCAS as arbitrary and capricious and in violation of section 243 (7) and (7-b) of the Military Law. Supreme Court denied the petition and dismissed the proceeding (24 Misc 3d 849 [2009]).

The Appellate Division, with two Justices dissenting, affirmed (72 AD3d 474 [1st Dept 2010]). The majority reasoned that at the time petitioner was reached for certification on January 18, 2008, and January 21, 2008, when final appointments from the list were made, petitioner had completed neither of the alternative requirements of the position. Thus, the court held that

> "[i]n January 2008, petitioner could not have been certified, not because he was in military service, but because he had failed at that time to meet the minimum eligibility requirements. Thus, he was not qualified for placement on a special eligible list from which selection for the position of firefighter could be made, and respondent's determination was not arbitrary or capricious" (*id.* at 475).

Petitioner appealed to this Court as of right, contending that DCAS was obligated to place him on a special eligible list because he qualified for such status pursuant to Military Law § 243 (7). We agree, and now reverse.

## III.

Military Law § 243 (7) provides, in relevant part:

> "Any person whose name is on any eligible list shall, while in military duty, retain his rights and status on such list. If the name of any such person is reached for certification during his military duty, it

*shall* be placed on a special eligible list in the order of his original standing, provided he makes request therefor following termination of his military duty and during the period of his eligibility on such list" (emphasis added).

Here, it is undisputed that petitioner's name appeared on the examination's eligible list, and was "reached for certification" while he was serving in the military. Petitioner timely submitted the paperwork necessary for placement on a special eligible list after his discharge, thereby complying with the statutory requirements.

DCAS argues that petitioner was nonetheless ineligible to be placed on a special eligible list because he did not have the required two years of military service when his name was reached on the original eligible list. But DCAS has misconceived the statutory scheme. Section 243 (7) says "shall," not "may," and makes no exception for those who do not meet qualifications at the time their names are reached. It gives DCAS no discretion to refuse to put names on a special eligible list. Discretion is given by Civil Service Law § 50 (4) not to certify names of people who do not meet qualifications, but that discretion is exercisable at the time when a decision about certification is made—in this case, when petitioner had completed his military service and his name was or should have been reached on the special list. By then, petitioner had the necessary qualifications.

Accordingly, the order of the Appellate Division should be reversed, with costs, the petition granted, DCAS's determination denying petitioner placement on a special eligible list annulled and the matter remitted to Supreme Court with directions to remand to DCAS for further proceedings in accordance with this opinion.

Chief Judge Lippman and Judges Ciparick, Graffeo, Read, Smith and Jones concur.

Order reversed, etc.